# In the United States Court of Federal Claims

No. 11-207C
Filed: August 31, 2022
NOT FOR PUBLICATION

|                              |
|------------------------------|
| **IAIN D. PEDDEN,**          |
|                 *Plaintiff*, |
| v.                           |
| **UNITED STATES,**           |
|                 *Defendant*. |

*Iain D. Pedden*, pro se.

*Michael D. Austin*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C.; *Lt. Cmdr. Ann Oakes*, U.S. Navy, of counsel, for the defendant.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

The plaintiff, Marine Corps Judge Advocate Lieutenant Colonel Iain D. Pedden, appearing *pro se*, argues that he should have received Constructive Service Credit ("CSC") for advanced education upon original appointment, rather than upon designation as a judge advocate.

In 2019, the Court dismissed three of the plaintiff's claims and remanded the single remaining claim to the Board for Correction of Naval Records ("BCNR" or "the Board") for further consideration. *Pedden v. United States* ("*Pedden I*"), 145 Fed. Cl. 785 (2019). In that remaining claim, the plaintiff alleged that the Marine Corps did not administer CSC to him in accordance with the applicable law and regulations. In two decisions on remand, the BCNR denied the plaintiff relief for that claim.

The plaintiff has moved for judgment on the administrative record. He argues that (1) delaying the application of CSC until the plaintiff's designation as a judge advocate is an arbitrary and capricious abuse of discretion; (2) the BCNR's decisions on remand failed to articulate a rational basis for delayed application of CSC in the plaintiff's case; (3) the BCNR's decisions on remand abandoned the Board's mandate to correct error or injustice; and (4) the proper time to apply CSC is on original appointment.

The defendant has opposed the plaintiff's motion and cross-moved for judgment on the administrative record. The defendant argues that the BCNR fulfilled its obligations pursuant to

the Court's order of remand by providing a rational explanation for the timing of the application of CSC to the plaintiff, and that the plaintiff's arguments are unavailing.

Because the Board provided a rational explanation for the application of the plaintiff's CSC, the defendant's motion is granted, and the plaintiff's motion is denied.

I.     BACKGROUND

   A.     Legal Background

CSC is military-service credit for time spent pursuing an advanced education. Pursuant to 10 U.S.C. § 12207 ("the CSC statute"), commissioned officers are granted credit for their advanced education:

> Under regulations prescribed by the Secretary of Defense, a person who is receiving an original appointment as a reserve commissioned officer (other than a commissioned warrant officer) of the Army, Navy, Air Force, or Marine Corps, or a designation in, or an assignment to, an officer category in which advanced education or training is required and who has advanced education or training, shall be credited with constructive service for such education, training, or experience . . . .

10 U.S.C. § 12207(b)(1).[1]

The CSC statute further specifies that "[t]he grade and position on the reserve active-status list of a person receiving an appointment as a reserve officer who at the time of appointment is credited with service under this section shall be determined under regulations prescribed by the Secretary of Defense based upon the amount of service credited." 10 U.S.C. § 12207(f). The Marine Corps is part of the Department of the Navy, which in turn is part of the Department of Defense.

The CSC statute is applied to the Marine Corps and, specifically, to Marine Corps judge advocates through both a directive from the Department of Defense and a Secretary of the Navy instruction. The CSC statute is implemented through Department of Defense Directive *Service Credit for Commissioned Officers*, DoDD 1312.3 (1996) ("the Defense Directive").[2] DoDD 1312 "implement[ed] Section 12207 of [Title 10] to establish policies and procedures

---

[1] The language of 10 U.S.C. § 12207(b)(1) is provided here as it was at the time relevant to this case. The statutory language was amended by Congress, effective January 1, 2021.

[2] DoDD 1312.3 was in effect at the time relevant to the application of CSC to the plaintiff. It was superseded by DoDD 1312.03 on October 6, 2006. References to the DoDD are to the version applicable to the plaintiff.

governing the granting of service credit to persons upon original appointment, designation, or assignment as a Reserve commissioned officer, except those in the health professions." DoDD 1312.3 § 1.3.  The Defense Directive provides that "[i]t is the policy of the Department of Defense that the award of service credit to any person being appointed, assigned, or designated as a commissioned officer in an officer category shall be equitably determined to establish an appropriate appointment grade and date of rank relative to other officers in the same competitive category."  DoDD 1312.3 § 4.1.

The Defense Directive also provides the purpose of CSC:

> The purpose of constructive service credit is to provide grade and date of rank comparability for a person who begins commissioned service after obtaining the additional education, training, or experience required for appointment, designation, or assignment as a commissioned officer in a professional field relative to a contemporary who began commissioned service immediately after obtaining a baccalaureate degree.

DoDD 1312.3 § 4.2.2.

The Defense Directive applies to Marine Corps judge advocates through Secretary of the Navy Instruction *Designation of Officers of the Regular Marine Corps and Marine Corps Reserve as Marine Judge Advocates*, SECNAVINST 1120.9A (1988) ("the Navy Instruction"). Paragraph 8c(3) of the Navy Instruction provides guidance with respect to when CSC shall be applied to Marine judge advocates: "[a]n individual who was initially appointed as a Marine Corps Reserve officer in the Officer Candidate (Law) Program . . . before graduation from law school shall be credited upon designation as a judge advocate . . . ."

    **B.**    **Facts[3]**

The plaintiff joined the Marine Corps in March 2001 and reported to Officer Candidate School ("OCS") in the summer of that same year.  (AR 9, 43.[4])  On October 13, 2001, upon completing OCS, the plaintiff was commissioned a second lieutenant in the Marine Corps Reserve with a Military Occupational Specialty designator of 4401 (student judge advocate). (AR 9, 38.)  At the time of commission, the plaintiff had already attended two years of law school and had taken 57 of the 86 required credits to complete his law degree.  (AR 9.)  He then

---

[3] For a more detailed recitation of the background facts, see *Pedden I*, 145 Fed. Cl. 785.

[4] Citations to the administrative record refer to the pagination in the first supplemental administrative record (ECF 117-1) and to the corrected second supplemental administrative record (ECF 149).

returned to law school, graduated, and passed the bar exam. (*Id.*) He was ordered to report to The Basic School ("TBS") in June 2003. (*Id.*)

On October 13, 2003, while at TBS, the plaintiff, having completed the required two years in grade as a second lieutenant, was promoted to first lieutenant. (AR 9.) He graduated from TBS in December 2003, reported to the Basic Lawyer Course ("BLC") at the Naval Justice School ("NJS") in January 2004, graduated from the NJS, and was designated a Marine Corps judge advocate on March 5, 2004. (AR 9.) The plaintiff has served continuously on active duty in the Marine Corps since June 12, 2003. (AR 9.)

The timing of adding CSC to the plaintiff's service timeline, detailed above, directly influences when he was considered for promotion to captain. More specifically, awarding CSC to the plaintiff's service timeline prior to his designation as a judge advocate means he would have been considered for promotion to captain by the fiscal year ("FY") 2004 selection board and among those eligible for consideration "above zone, not previously considered" by the FY 2005 captain's promotion selection board, making his latest possible promotion at or around February 9, 2004, or prior to his designation as a judge advocate. (AR 9.) Because the plaintiff's CSC was applied upon his designation as a judge advocate and not upon appointment, he was not considered by the FY 2005 board. (*Id.*) Instead, he was considered for promotion to captain by the FY 2006 board and promoted to captain on August 1, 2005. (*Id.*) It is this delayed promotion schedule, caused by an allegedly improper delay in application of CSC, that the plaintiff is challenging.

### C. Procedural History

The plaintiff challenged the timing of the application of his CSC at the BCNR in 2008. After the BCNR denied relief, the plaintiff filed a complaint in this court in 2011. (Pl.'s Compl., ECF 1; *see also* Pl.'s Am. Compl., ECF 27-1; Pl.'s Suppl. Compl., ECF 61.) On remand in 2016, the BCNR again denied the plaintiff relief. In his amended and supplemental complaints, the plaintiff raised four claims related to the timing of the application of his CSC. In *Pedden I*, Counts I, II, and IV were dismissed for failure to state a claim upon which relief can be granted. 145 Fed. Cl. at 802.

In Count III, the plaintiff's only remaining claim, the plaintiff alleges that the Marine Corps did not administer his CSC in accordance with applicable law. (ECF 27-1, ¶¶ 39-44.) Although the Court did not find in *Pedden I* that the Navy Instruction itself was arbitrary and capricious, the Court found that the BCNR's failure to provide an explanation for the Marine Corps' application of CSC to the plaintiff at the time of his designation as a judge advocate was arbitrary and capricious. *Pedden I*, 145 Fed. Cl. at 801. As a result, the previous BCNR decision was vacated, and the remaining claim alleged in Count III was remanded to the BCNR for further consideration. *Id.* at 802.

In January 2020, the BCNR issued its decision on remand. The Board provided a rationale for applying CSC credit to Marine Corps judge advocates only upon designation. (AR 363.) The Board explained that the distinctive nature of Marine Corps officers—if they fail to complete the NJS satisfactorily, they, unlike prospective judge advocates in the other service

4

branches, are not separated from the service but rather continue serving as non-lawyer officers in the Marine Corps—justifies waiting to apply CSC until after designation as a Marine Corps judge advocate rather than at the time of commission. (*Id*.) The Board denied the plaintiff relief.

In April 2020, the plaintiff filed a status report indicating that, after the Board's January 2020 decision, he had obtained "affidavits by very senior Marine Corps judge advocates which detail the fact [that] student judge advocates have no control over the timing of the BLC class or which one they attend, which in turn results in arbitrary, capricious, and inequitable application of CSC." (ECF 99 at 2.) The plaintiff argued that the new, material evidence constituted grounds for the BCNR's reconsideration of its January 2020 decision, and the defendant did not oppose the request. (*Id.* at 1-2.) Accordingly, the Court remanded the case to the Board for reconsideration. (ECF 101.) In May 2020, the plaintiff filed a request for reconsideration with the Board, requesting that the Board determine "[w]hether the Marine Corps' application of [Marine Corps Order ("MCO")] P1400.31C is arbitrary and capricious when considering the timing of its application and failing to apply the credit as directed by the MCO P1400.31C at the time of the Marine Corps' choosing."[5] (AR 353.)

In November 2020, the BCNR issued its decision on the plaintiff's request for reconsideration. The Board's decision contained three main conclusions. (AR 328.) First, the Board found that the request for reconsideration filed by Lt. Col. Pedden based upon MCO P1400.31C was a substantially different claim from the claim presented in Count III, which was the subject of the remand. (AR 330.) Notwithstanding this finding, the Board went on to conclude that MCO P1400.31C applies to promotions not applications of CSC, and that the Marine Corps is not required by MCO P1400.31C "to apply CSC in such a manner as to ensure promotion eligibility parity with those officers commissioned close in time."[6] (*Id*.) Finally, the Board reiterated the reasoning employed in its January 2020 decision for applying the CSC to Marine Corps judge advocates upon designation. (*Id.*) The Board emphasized the scope and appropriateness of the exercise of the Secretary's discretion as it pertains to timing of CSC to Marine Corps judge advocates only upon their designation due to the distinctive treatment of prospective judge advocates by the Marine Corps. (*Id.*)

Following the Board's resolution of the plaintiff's request for reconsideration, the plaintiff's counsel moved to withdraw. That motion was held in abeyance, and the plaintiff was given time to secure new counsel, including pro bono counsel. After the plaintiff failed to obtain new counsel, the motion to withdraw was granted. The plaintiff, who is a lawyer, is proceeding *pro se*. The plaintiff has represented himself with distinction.

---

[5] MCO P1400.31C is the Marine Corps Promotion Manual.

[6] The plaintiff did not pursue his argument based on MCO P1400.31C in his motion for judgment on the administrative record. Accordingly, the Court does not address this issue.

The plaintiff has moved for judgment on the administrative record. The defendant has opposed the plaintiff's motion and has cross-moved for judgment on the administrative record. The motions have been fully briefed, and the Court held oral argument on August 23, 2022.

## II.   JURISDICTION

The Tucker Act limits the jurisdiction of the Court of Federal Claims to causes of action based on money-mandating statutes and regulations. Claims involving military pay are covered by this limitation. 28 U.S.C. § 1491(a)(1); *Metz v. United States*, 466 F.3d 991, 995-97 (Fed. Cir. 2006). Promotions under the Military Pay Act are money-mandating if a service member met the legal requirement for promotion—*i.e.*, had a "clear-cut legal entitlement"—but the service failed to recognize it. *Smith v. Sec'y of Army*, 384 F.3d 1288, 1294 (Fed. Cir. 2004). In *Pedden I*, the Court found jurisdiction existed to consider the plaintiff's claim for promotion to captain but not to consider the plaintiff's claims for promotion to major and lieutenant colonel. 145 Fed. Cl. at 795-96.

## III.   STANDARDS OF REVIEW

On a motion for judgment on the administrative record pursuant to Rule 52.1 of the Rules of the Court of Federal Claims ("RCFC"), the court's review is limited to the administrative record, and the court makes findings of fact as if it were conducting a trial on a paper record. *See Bannum, Inc. v. United States*, 404 F.3d 1346, 1354 (Fed. Cir. 2005); *see also Young v. United States*, 497 F. App'x 53, 58-59 (Fed. Cir. 2012) (per curiam) (applying the *Bannum* standard of review to an RCFC 52.1 motion involving a decision of a military records-correction board), *cert. denied*, 569 U.S. 964 (2013). The court must determine whether a party has met its burden of proof based on the evidence contained within the administrative record. *Bannum*, 404 F.3d at 1355. Genuine issues of material fact will not foreclose judgment on the administrative record. *Id.* at 1356.

The Court of Federal Claims reviews decisions of military records-correction boards under the review standard of the Administrative Procedure Act ("APA"). *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009); *see* 5 U.S.C. § 706 (establishing the scope of review under the APA). Under the APA's standard of review, the court must uphold a military records-correction board's decision "unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Barnick v. United States*, 591 F.3d 1372, 1377 (Fed. Cir. 2010).

During oral argument, the plaintiff urged the Court to apply a more searching standard of review. He asserted that the administrative record contains unfounded evidence from the Marine Corps from which the Board and the Court might draw inferences adverse to the plaintiff. For example, the plaintiff posits that the Marine Corps has intimated that the timing of his assignment to the NJS was due to his having failed his first effort to pass the bar, despite the plaintiff's having passed the bar on his first attempt. (*See, e.g.*, AR 200 ("Although the Illinois Board of Admissions to the Bar conducted an examination in July 2002, you were not admitted to the practice of law as a result of this examination."); AR 237 ("Applicant fails to note, however, that, although he graduated from law school in May 2002, and the Illinois Bar conducted examinations in July 2002 and February 2003, he was not admitted to the practice of

6

law in Illinois until 14 March 2003, almost a year after his graduation.").) While the record contains some indications that the Marine Corps has on occasion attempted to employ inaccurate innuendo against the plaintiff, there is no evidence that the Board has ever relied on that innuendo. The Board's decisions, though adverse to the plaintiff, have been based on its reading of the law and the application of the law to the plaintiff. None of the Board's decisions, including the ones under review, reflect any reliance on improper innuendo or erroneous adverse inferences that may be found in the administrative record. The Court declines to employ a heightened standard of review.

### IV.   DISCUSSION

The plaintiff challenges the Board's decisions, arguing that (1) "[d]elaying the application of CSC in [this] case until designation as a judge advocate is an arbitrary and capricious abuse of discretion"; (2) "[t]he BCNR's decision on remand failed to articulate a rational basis for delayed application of CSC in [this] case"; (3) "[t]he BCNR decision on remand abandoned the Board's mandate to correct error or injustice"; and (4) "[t]he proper time to apply CSC is on original appointment." (ECF 140 at 18, 20, 22, 24 (italics omitted).)

The defendant responds by arguing that the plaintiff is making several of the same arguments rejected in *Pedden I*. The defendant argues that the BCNR fulfilled the Court's instructions for the remand and provided a rational explanation for the timing of the application of CSC. (ECF 147 at 8.) The defendant also argues that the plaintiff only disagrees with the policy implemented by the Navy Instruction, and that the Court does not have the authority to dictate "to the military whom or when a service member may get promoted." (*Id.* at 11.)

The Court first addresses the legality of the Navy Instruction and then considers whether the BCNR's decisions were arbitrary and capricious in upholding the Marine Corps' timing of the plaintiff's CSC.

#### A.   Not Contrary to Law

As outlined above, the timing of the award of CSC is governed by statute, the Defense Directive, and the Navy Instruction. The Navy Instruction addressing when CSC applies to Marine Corps judge advocates specifically covers the situation presented by the plaintiff: "[a]n individual who was initially appointed as a Marine Corps Reserve officer in the Officer Candidate (Law) Program . . . before graduation from law school shall be credited upon designation as a judge advocate . . . ." SECNAVINST 1120.9A, ¶ 8c(3).

The plaintiff's motion for judgment on the administrative record raises objections to the Navy Instruction and timing of the application of CSC to the plaintiff. Some of these objections were already addressed and rejected through the dismissal of Counts I, II, and IV of the plaintiff's complaint in *Pedden I*. 145 Fed. Cl. at 802. The plaintiff continues to argue that "[d]elaying award of CSC until graduation from NJS is an arbitrary and capricious abuse of discretion because it adds an additional requirement that prevents full application of the credit." (ECF 140 at 18.) He argues that the Navy Instruction, by adding the requirement for successful completion of the NJS program before the award of CSC to Marine Corps judge advocates,

"adopts a process which both departs from the plain language of [the CSC statute and Defense Directive] while simultaneously defeating the purpose of both." (*Id.*)

As the plaintiff points out in his response brief, he raised this argument as part of the basis for judgment under Count III of his amended complaint. (ECF 152 at 11; *see* ECF 27-1, ¶ 42 ("The delay in the application of CSC until designation as a judge advocate causes a delay in promotion which renders the CSC of significantly less or no value. [The Navy Instruction] is inconsistent with the applicable statutes and the Department of Defense Instruction.").) Although Count III largely survived *Pedden I*, in dismissing Counts I and II the Court addressed the central issue of whether the Navy Instruction is consistent with the CSC statute and Defense Directive:

> The CSC statute itself simply commands the award of CSC to eligible individuals under such regulations as may be prescribed. It allows for the award of CSC to "a person who is receiving an original appointment . . . , or designation in, or an assignment to" a relevant officer category. It is otherwise silent as to the timing of the award of CSC. *See* 10 U.S.C. § 12207(b)(1). Lt. Col. Pedden received his CSC upon designation as a judge advocate, in compliance with an express provision of the statute.
>
> Similarly, the Defense Directive commands the award of CSC to a "person being appointed, assigned, or designated . . . ." DoDD 1312.3 § 4.1. The Navy Instruction commands the award of CSC to Marine Corps judge advocates at designation. SECNAVINST 1120.9A, ¶ 10b.
>
> Lt. Col. Pedden received CSC at designation as expressly provided for in the CSC statute, Defense Directive, and Navy Instruction. The statute on its face cannot support his claim that the Marine Corps was required to award CSC earlier, at the time of original appointment.

145 Fed. Cl. at 797.[7]

---

[7] As noted in footnote 1, *supra*, the statutory language of 10 U.S.C. § 12207(b)(1) was amended by Congress, effective January 1, 2021. The amended language removes from subsection (b)(1) the words, "or a designation in, or an assignment to, an officer category in which advanced education or training is required." Section 12207(b)(1) now reads as follows:

> Under regulations prescribed by the Secretary of Defense, a person who is receiving an original appointment as a reserve commissioned officer (other than a commissioned warrant officer) of the Army, Navy, Air Force, or Marine Corps, and

The plaintiff's argument reiterating his objections to the Navy Instruction's alleged inconsistency with the CSC statute and Defense Directive were addressed in *Pedden I*. The plaintiff has not presented any new arguments that warrant a reconsideration of the earlier conclusion. The Defense Directive and the Navy Instruction are not inconsistent with the plain text of the CSC statute, as it read prior to the recent amendment. The BCNR's decisions on remand are not contrary to law.

### B. Not Arbitrary and Capricious

The issue still pending in this case is narrow. Although the Court did not find the Navy Instruction itself to be arbitrary and capricious in *Pedden I*, the Court left it to the Board in the first instance to consider whether the Navy's decision to apply CSC to the plaintiff upon his designation as a judge advocate, and not upon his original appointment, was arbitrary and capricious. 145 Fed. Cl. at 801. The Court found that "[t]he BCNR could not have properly concluded that CSC was applied without legal error in Lt. Col. Pedden's case without considering whether the Secretary's discretionary decision to apply CSC at designation was at least rationally related to relevant factors." *Id.* The case was remanded "to the BCNR so that it [could] address Lt. Col. Pedden's claim that the Navy Instruction's requirement that CSC be applied to Marine Corps judge advocates at designation instead of upon original appointment is not a reasoned exercise of the Navy Secretary's discretion." *Id.* The Board addressed that issue on remand and denied relief.

The plaintiff argues that the BCNR's decisions on remand failed to articulate a rational basis for delayed application of CSC and abandoned the Board's mandate to correct error or injustice. The defendant counters that the BCNR did articulate a rational basis for the timing of CSC. The plaintiff's arguments are unavailing.

The Secretary of the Navy had discretion in the administration of CSC. The CSC statute required the military branches to provide, under regulations prescribed by the Secretary of Defense, CSC for advanced education for "a person who is receiving an original appointment as a reserve commissioned officer . . . or a designation in, or an assignment to, an officer category

---

> who has special training or experience, or advanced education (if applicable), shall be credited with constructive service for such education, training, or experience . . . .

Although some other provision of law not argued to the Court may still support awarding CSC only upon designation, this amended statute no longer supports that position. In effect, Congress appears to have adopted the policy position for which the plaintiff has been advocating in this case. Congress did not make the new statute retroactive in its application, so the Court cannot apply the amended statute retroactively to the plaintiff. The plaintiff may request from the Marine Corps the equitable application of the amended statute, especially because he has been advocating for this outcome since 2004, when he first brought the issue to the attention of the Marine Corps.

in which advanced education or training is required . . . ." 10 U.S.C. § 12207(b)(1).  Consistent with this statute and the Defense Directive, the Navy Instruction applied CSC to Marine Corps judge advocates at the time of designation.  The BCNR articulated a rational basis for the Navy Secretary's choice of designation, rather than original appointment, as the time to apply CSC to Marine Corps judge advocates.  Officers in other branches who fail the BLC are separated from service.  (AR 331.)  In contrast, Marine Corps judge advocates who fail the BLC continue to serve in the Marine Corps, just not as lawyers.  (*Id.*)  For that reason, the Board found "the application of CSC for Marine Corps Reserve officers upon designation as a judge advocate not to be arbitrary and capricious," but instead found "this requirement to be necessary and prudent."  (*Id.*)  The Board also noted that the Navy Instruction is applied consistently to all Marine Corps Reserve officers in the plaintiff's position.  (*Id.*)

The plaintiff objects to the Board's explanation and disagrees with the policy reflected by the Navy Instruction.  He argues that the policy hinges upon "[t]he speculative and remote possibility of academic underperformance by a negligible minority of NJS students," and that the policy therefore "cannot rationally support discriminating against all other CSC recipients as a class, especially in light of the fact that many other Marine officers (including some in Plaintiff's own NJS class) advance as 'due course' officers because they attended OCS on completion of baccalaureate studies and are not entitled to CSC."  (ECF 140 at 21.)  The plaintiff further developed this argument by obtaining an affidavit from Marine Corps Lt. Col. Nora Tyer-Witek.  She averred that, with respect to the timing of the BLC required for designation as a judge advocate: "Students have no input at all, at any time, in th[e] process.  They cannot and do not determine what course they attend."  (AR 347, ¶ 5.)  She also noted that "[t]he [BLC] had a very high passage rate."  (*Id.*)  The plaintiff argues that because students have no control over the timing of the BLC they are assigned to attend, and because the Board's rationale is based on the low chance that a student might not pass the BLC, the application of CSC upon designation as a judge advocate results in an "arbitrary, capricious, and inequitable application of CSC."[8]  (ECF 99 at 2; *see also* ECF 140 at 20-22.)

After citing Lt. Col. Tyer-Witek's evidence, the plaintiff relies on *Prochazka v. United States*, 104 Fed. Cl. 774 (2012), for the proposition that military regulations are arbitrary and capricious when they discriminate among service members without considering relevant individual factors—*i.e.*, discrimination between service members by "flipping a coin."  (ECF 140 at 19.)  The plaintiff argues that the Navy Instruction discriminates among Marine Corps judge advocates, depending on whether a Marine joins before or after law school and on which NJS class the Marine is assigned to attend to secure designation as a judge advocate.  (*Id.* at 19-20; *see also* ECF 152 at 12-13.)  *Prochazka* likewise involved a Navy instruction that produced

---

[8] At oral argument, the plaintiff additionally argued that the Board's explanation was an after-the-fact rationale because the Board had never relied on it before in rejecting his claim.  The Board's earlier lack of explanation, however, was specifically the ground for the Court's finding that the Board's earlier decision was arbitrary and capricious.  The Board's explanation would necessarily be newly provided; the Board followed the Court's remand instructions.

10

disparate outcomes depending on whether an officer chose to enlist upon entering law school or after graduation. 104 Fed. Cl. at 799.

The reasoning of *Prochazka* does not apply to this case, because the enabling statute here is distinct. In *Prochazka*, the statute at issue was amended in a way that prompted an interpretive response in the Navy's updated instruction. *See id.* at 778-83. The court found that the Navy instruction in *Prochazka* reflected "the Navy's conclusory interpretation," which led to arbitrary and capricious disparate outcomes among Navy judge advocates. *Id.* at 797. The court found that the Navy "elected to link an officer's mandatory retirement date to the unrelated issue of whether that officer chose to enlist in [the Judge Advocate General's Corps] on entering law school or after graduation." *Id.* at 799. The Navy provided "no rational reason for such discrimination." *Id.*

The CSC statute at issue in this case, in contrast, is unambiguous and does not require the Navy to interpret it beyond its plain meaning. The CSC statute and the Defense Directive authorized the Navy to apply CSC upon designation, and the Navy has articulated a rational reason for choosing designation, rather than original appointment, as the time for applying CSC to Marine Corps judge advocates: Marine Corps judge advocates are reassigned if they fail the BLC, rather than separated.

The plaintiff points out that the BCNR did not explain the reason for creating a disparity between Marines who join before law school and those who join after law school. That disparity, not the disparity among military branches, was the concern of the court in *Prochazka* and has become the focus of the plaintiff's argument now. The plaintiff, relying mostly on the purpose of CSC, argues that CSC should have placed him in the same position as Marines who joined before law school. The BCNR, however, had reason not to address the issue on remand. That issue was addressed by the Board in 2017, and the Court upheld that portion of the Board's decision in *Pedden I*. The Board found that the regulations did "not say that the judge advocate receiving CSC will be given the same promotion status as their most closely situated officer . . . ." (AR 204.) In reviewing that finding, the Court found that the Marine Corps could adopt the plaintiff's position, "but no language in any relevant authority compels that outcome." *Pedden I*, 145 Fed. Cl. at 799. The Court remains so constrained by the language today, and it is not arbitrary and capricious for the Board to have not readdressed the same issue on remand.

From the position of the plaintiff and his own experience, his objections to the policy employed by the Marine Corps in the timing of the award of CSC may appear to make sense. The plaintiff did, in fact, pass the BLC, and his peers who joined the Marine Corps before law school were promoted before he was, reducing the effect of his CSC. If the plaintiff had not successfully completed his military legal education, however, adopting his position would render an injustice to his non-lawyer peers. Imagine that Lt. Col. Pedden had not passed the BLC and was therefore never designated a judge advocate. If CSC were applied at the time of appointment, as the plaintiff requests, then he would be unfairly benefited by CSC when he was reassigned to another unit in the imagined hypothetical. At oral argument, the plaintiff argued that such a Marine would probably not be unfairly benefited, because the Marine would receive a negative fitness report for failing the BLC and would be inexperienced in the new field. This response, however, does not address the main concern. Such a Marine would have received his

CSC for attending law school despite not being able to serve as a lawyer, and he would have unearned seniority over his peer line officers in the non-legal unit. The Marine Corps' policy addresses this potential.

The judicial role in reviewing decisions of the military records-correction boards is limited; the BCNR's decision must be upheld "unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Barnick*, 591 F.3d at 1377. As the Federal Circuit has held, "[a] court may appropriately decide whether the military followed procedures because by their nature the procedures limit the military's discretion." *Murphy v. United States*, 993 F.2d 871, 873 (Fed. Cir. 1993). The Federal Circuit has equally warned that "[t]he court is not called upon to exercise any discretion reserved for the military, it merely determines whether the procedures were followed by applying the facts to the statutory or regulatory standard." *Id.*

Despite the plaintiff's long-held disagreement with the application of CSC to Marine Corps judge advocates only upon designation, the BCNR's decisions on remand are consistent with the CSC statute, the Defense Directive, and the Navy Instruction. The case was remanded in 2019 because the BCNR had previously failed to consider and provide a rationale for the Marine Corps' application of the plaintiff's CSC. The BCNR's decisions on remand have now explained that rationale: unlike other military branches, Marines who fail to become judge advocates are reassigned to non-legal duties, rather than separated. The Board's explanation provides a rational basis for the award of CSC to the plaintiff at the time of his designation as a judge advocate, rather than at the time of his original appointment. The role of judicial review of the Board's decisions is not to evaluate the reasonableness of the Marine Corps' CSC policy but only to evaluate the reasonableness of the Board's explanation. *See Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983) ("[C]ourts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence."). Faced with the BCNR's reasonable application of the unambiguous regulation on remand, the plaintiff has not provided a legal basis to adjudge the BCNR's decisions arbitrary and capricious.

## V. CONCLUSION

In *Pedden I*, Count III of the plaintiff's complaint was remanded to the BCNR for a rational explanation of the timing of the application of CSC to the plaintiff. On remand, the BCNR issued two decisions explaining that the unique nature of Marine Corps judge advocates supported the delayed application of CSC to Marine Corps judge advocates until they are designated as judge advocates. Credit upon designation was an option expressly authorized by the CSC statute. The Board's decision is a straightforward application of the relevant regulations implementing that statute, and its reasoning provides a rational explanation of the justification

for the delayed application of CSC to Marine Corps judge advocates.  Nothing more is required of the Board.

      The plaintiff's motion for judgment on the administrative record (ECF 140) is **DENIED**, and the defendant's cross-motion for judgment on the administrative record (ECF 147) is **GRANTED**.

      The Clerk of Court is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

      It is so **ORDERED**.

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**
